The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

</div>

[Cite as *State v. Davis,* 166 Ohio App.3d 468, 2006-Ohio-1592.]

<div align="center">

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005–CA–43.

Decided March 31, 2006.

</div>

Stephen A. Schumaker, Clark County Prosecuting Attorney, Stephen C. Collins, and William H. Lamb, Assistant Prosecuting Attorney, for appellee.

Matthew Ryan Arntz and George A. Katchmer, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Frank Davis, appeals from his conviction and sentence, following a no-contest plea, on one count of possession of cocaine in an amount in excess of 1,000 grams, in violation of R.C. 2925.11, a felony of the first degree, one count of trafficking in cocaine in an amount in excess of ten grams, in violation of R.C. 2925.03, a felony of the third degree, and one count of trafficking in cocaine, in violation of R.C. 2925.03, a felony of the fifth degree. All counts included forfeiture specifications, and the first-degree felony count included a major-drug-offender specification.

{¶ 2} Davis contends that the trial court erred in denying his motion to suppress evidence that he claims was obtained as a result of an unlawful search and seizure. He contends that although the search was pursuant to a warrant, the affidavit was clearly insufficient to establish probable cause for the search and could not establish grounds for a good-faith exception to the probable-cause requirement. He also contends that the warrant was obtained as a result of untruthful or misleading averments, in violation of the principle set forth in *Franks v. Delaware* (1978), 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. Finally, Davis contends that the trial court erred in denying his motion to "unfreeze" certain bank accounts.

{¶ 3} The state contends that Davis's claim that the trial court erred in denying his motion to suppress is barred by res judicata, because he either made this argument, or could have made this argument, in his prior appeal in this case. We disagree. In our previous appellate judgment, *State v. Davis,* 2004-Ohio-5979, 2004 WL 2538827, we did not adjudicate the propriety of the trial court's previous decision, preceding the first appeal, denying Davis's motion to suppress. Thus, our previous appellate judgment, although final, did not adjudicate this issue. We did, in our previous appellate judgment, reverse the order of the trial court denying Davis's motion to withdraw his prior no-contest plea, following which the trial court granted his motion to withdraw his plea, thereby vacating his prior conviction. When the prior judgment of the trial court was vacated, there was no

longer a final judgment of the trial court into which previous rulings merged, so the trial court's prior ruling on Davis's motion to suppress became interlocutory.

{¶ 4} We agree with Davis that the affidavit upon which the warrant to search his residence was based was clearly insufficient to establish either probable cause for the search or a basis for finding a good-faith exception to the probable-cause requirement. There was no evidence to establish the reliability of the confidential informant, and the confidential informant did not observe a drug transaction take place at the residence.

{¶ 5} The order of the trial court denying Davis's motion to "unfreeze" certain bank accounts, which is the subject of his third assignment of error, is not within the scope of this appeal, since that order came after, and is not referred to within, the notice of appeal.

{¶ 6} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 7} In late 1998, the Springfield Police Department obtained a warrant to search a house located at 1578 Charles Street, in Springfield. This was Davis's residence, although that does not appear to have been known at the time the warrant was obtained. The affidavit in support of the search warrant contains the following averments of fact:

{¶ 8} "The facts upon which belief [that certain evidence of criminal acts were to be found at the residence] is based are: Affiant, Det. Greg E. Nourse, is a detective with the Intelligence Unit of the Springfield Police Department. Affiant has been an officer for over 13 years and has received specialized training in drug enforcement from the Federal Drug Enforcement Administration. Affiant is responsible for investigating cases of drug trafficking and abuse within the City of Springfield and the County of Clark County, Ohio. Affiant states the following regarding the above location [1578 Charles Street]:

{¶ 9} "The Springfield Police Division Intelligence Unit is conducting an investigation wherein a reliable Confidential Informant has purchased cocaine from an individual on at least four occassions [sic]. On all four occasions, the individual has left with the recorded buy money and a short time later returned to complete a drug transaction. On two of the controlled purchases performed within the last 72 hours, the individual has left and gone to the residence located at 1578 Charles St., now believed to be the individual[']s supplier, stayed a short time and then returned directly to the Informant to complete the cocaine sale. Said affiant further says than on or about November 23, 1998, the residence at 1578 Charles St., Springfield, Clark County, Ohio, does possess and conceal said

things, or some part thereof, at the place described above, then and there well knowing the same violates section 2925.03 and 2925.11 of the Ohio Revised Code as aforesaid."

{¶ 10} As a result of evidence obtained by the search executed pursuant to the warrant, Davis was arrested and charged with three counts of drug violations. He filed a pretrial motion with multiple branches, one of which sought the suppression of evidence. This motion was heard on March 25, 1999. There were a number of issues considered by the trial court at that hearing, not all of which pertained to the suppression of evidence. Although at one point Davis's counsel asserted that the affidavit was insufficient to establish probable cause, this was barely touched upon. Detective Nourse, the affiant for the search warrant, testified at the hearing, but his testimony was limited to a description of what he did to execute the warrant. The factual issue in dispute appears to have been whether the search exceeded the scope of the warrant, not whether it was supported by probable cause.

{¶ 11} The trial court denied the March 25, 1999 motion to suppress evidence. Later, Davis pleaded no contest to the most serious count, and the other two counts were dismissed.

{¶ 12} In 2003, Davis moved to withdraw his plea. He contended that (1) his trial counsel was ineffective for having (a) failed to inform him, before his plea, that he would thereby be waiving any right to appeal from the forfeiture of his property, and (b) for having failed to lay an adequate foundation for challenging the validity of the search warrant on appeal, and (2) he did not understand, at the time of his plea, that he was ineligible for judicial release, thereby rendering his plea other than knowing and voluntary. We rejected Davis's ineffective assistance of trial counsel arguments, but agreed with him that the trial court erred by failing to ascertain that he understood that he would be ineligible for judicial release. Accordingly, we reversed the denial of Davis's motion to withdraw his plea and remanded the cause for the trial court to determine whether Davis would have entered his no-contest plea had he been informed by the trial court that he was ineligible for judicial release. *State v. Davis*, 2004-Ohio-5979.

{¶ 13} On remand, the trial court conducted a hearing and granted Davis's motion to withdraw his plea, thereby vacating his conviction and sentence.

{¶ 14} Thereafter, on January 19, 2005, Davis again moved to suppress evidence, contending that the evidence was obtained as a result of an unlawful search and seizure. Davis argued both that the affidavit was insufficient, on its face, to support a finding of probable cause and that there were false or misleading averments in the affidavit, constituting a violation of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. The state argued that

Davis's motion to suppress was barred by res judicata. The trial court concluded that the motion to suppress was not barred by res judicata.

{¶ 15} Following argument by the parties, the trial court held that Davis had not established a factual predicate for invoking *Franks v. Delaware* and was therefore not entitled to an evidentiary hearing on that aspect of his motion. The trial court indicated that it was, however, prepared to hear whatever evidence the parties wished to present on Davis's argument that the affidavit was insufficient to establish probable cause. Both parties contended that the sufficiency of the affidavit should be decided solely with reference to the four corners of the affidavit and presented no extrinsic evidence. The trial court held that the affidavit was sufficient and overruled Davis's motion to suppress.

{¶ 16} Following the denial of his 2005 motion to suppress, Davis pleaded no contest to all three counts, was found guilty, and was sentenced accordingly. From his conviction and sentence, Davis filed the notice of appeal with which this appeal is concerned on April 20, 2005. That notice of appeal, in its entirety, is as follows:

{¶ 17} "Now comes Defendant, by and through counsel, and hereby gives notice of appeal to the Court of Appeals of Clark County, Ohio, Second Appellate District, from the final judgment rendered on April 13, 2005 in the above-captioned case by this Court."

{¶ 18} Thereafter, on April 28, 2005, Davis filed a "Motion to Unfreeze the Accounts," wherein he sought an order of the trial court to "unfreeze" two bank accounts of his. This motion appears to have been subsequently denied.

## II

{¶ 19} Davis's first assignment of error is as follows:

{¶ 20} "The trial court erred in denying appellant's motion to suppress since the affidavit for the search warrant failed to establish probable cause for a search."

## A

### The State's Res Judicata Argument

{¶ 21} The state argues on appeal, as it argued unsuccessfully in the trial court, that the issue raised in Davis's first assignment of error is barred by the doctrine of res judicata. The state contends that Davis either raised, or could have raised, this issue in his 1999 motion to suppress, which the trial court overruled.

{¶ 22} Res judicata provides that an existing, final judgment is conclusive of rights, questions, and facts in issue, as to the parties, in all other actions in the

same or any other judicial tribunal of concurrent jurisdiction. *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.* (2001), 91 Ohio St.3d 453, 746 N.E.2d 1103. Initially, this is not an "other" action—it is the same action. Furthermore, there was no final judgment in existence when the trial court considered Davis's 2005 motion to suppress. Although the denial of his 1999 motion to suppress had merged into the final judgment of conviction resulting from his no-contest plea, that judgment was vacated when the trial court, pursuant to our mandate, reconsidered his motion to withdraw his plea, and granted it. Although the trial court had previously considered and denied Davis's 1999 motion to suppress, that ruling was restored to interlocutory status when the final judgment into which it had merged was vacated. Because the ruling on Davis's 1999 motion to suppress was interlocutory, it could be reconsidered by the trial court.

{¶ 23} There remains the issue of whether our judgment in the initial appeal operates as a bar to Davis's claim that the search warrant affidavit does not establish probable cause. This is more appropriately considered under the law-of-the-case doctrine, because it does not involve an "other" action, but instead involves the effect of a prior appellate disposition in the same action.

{¶ 24} Under the law-of-the-case doctrine, the decision of a reviewing court in a case remains the law of the case on legal questions involved for all subsequent proceedings at both trial and reviewing levels. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549.

{¶ 25} There were two assignments of error in Davis's first appeal. In the first assignment of error, which we overruled, he asserted ineffective assistance of trial counsel in two respects. One of these respects is immaterial to the present appeal. We characterized the aspect of Davis's argument in support of his first assignment of error in his first appeal that is material as follows:

{¶ 26} "Davis contends he would not have entered his plea if he knew his lawyer would not raise the issue of the search warrant affidavit on appeal. He fails, however, to show how the affidavit was defective and how if his counsel had pursued this issue on appeal there would have been any reasonable probability of success." *State v. Davis,* supra, at ¶ 15.

{¶ 27} The issue we were considering is not the same as the issue presented herein. In the present appeal, Davis is directly asserting that the search warrant affidavit is insufficient to establish probable cause for the warrant. In the former appeal, he was contending that his trial counsel was ineffective. Based upon our review of the transcript of the 1999 suppression hearing, we conclude that Davis was essentially arguing, in support of his first assignment of error in support of his first appeal, that his trial counsel was ineffective for having failed to raise the issue of the adequacy of the search warrant affidavit in the 1999 suppression

hearing in a manner sufficient to have preserved that issue for appellate review. There were many issues considered at the 1999 motion hearing; only some of these involved suppression; and some of the suppression issues involved the suppression of Davis's statements to the police. Virtually the exclusive focus of Davis's argument concerning the suppression of evidence was (1) his claim that Detective Nourse's search had exceeded the scope of the authorization in the warrant, because of a dispute about where certain items seized were located in relation to the described premises, and (2) his claim that the affidavit contained untrue or misleading averments, in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. The only reference in the entire 1999 suppression hearing we have found to the sufficiency of the affidavit is the following fleeting reference at p. 27 of the transcript:

{¶ 28} "MR. RION [representing Davis]: In addition to that which I've said and that which is in the memorandum, I'll articulate these things: The facts in the affidavit showed no reliability or basis for reliability of the so-called confidential informant.

{¶ 29} "I believe that the government would stipulate standing that Mr. Davis had in these—in these—in the house and the trailer and the electronic equipment; is that correct?

{¶ 30} "MR. COLLINS: Yes, Your Honor.

{¶ 31} "MR. RION: With that stipulation—will the Court accept that stipulation?

{¶ 32} "THE COURT: Yes, yes, I am.

{¶ 33} "MR. RION: With that stipulation, the government has failed to allege that Mr. Davis had any interest in that property, and what is alleged in their affidavit are facts not—or excuse me. Conclusions not facts on sales, and there's no allegation of any criminal act of Mr. Davis.

{¶ 34} "Now, Your Honor, what I've tried to show; and I hope that I have done it through inventories and the command portion of the warrant, each warrant tells the officers to search for such and such. And I'm hoping that the inventories show that they went beyond that.

{¶ 35} "To the extent that that has not been adequately demonstrated, I reserve the right to call Officer Nourse who was present, who was the affiant—to make that point.

{¶ 36} "With that I yield to—."

{¶ 37} In short, the issue Davis raised in support of his first assignment of error in his first appeal is not the same issue he is raising in his first assignment of error in this appeal. He was asserting ineffective assistance of trial counsel in

his first appeal. Although we noted in resolving that issue that he had failed to show how the affidavit was defective, we did not directly consider the sufficiency of the affidavit, and there is nothing in our prior opinion to compel us to conclude that we subjected the affidavit to close scrutiny, or to any scrutiny at all, for that matter. In this appeal, in connection with Davis's first assignment of error, we are being asked to review the search warrant affidavit and determine not whether Davis's trial counsel was ineffective, but whether the search warrant affidavit is sufficient to establish probable cause.

{¶ 38} It has been held that the law-of-the-case doctrine is a rule of practice, rather than a binding rule of substantive law, and will not be applied so as to achieve unjust results. *Porter v. Litigation Mgt., Inc.* (2001), 146 Ohio App.3d 558, 767 N.E.2d 735, ¶ 10. Considering the cursory attention given to the issue of the sufficiency of the search warrant affidavit, both in the 1999 proceedings in the trial court, and in the prior appeal in this court, we conclude that it would be unjust to bar careful consideration of that issue in this appeal.

{¶ 39} We conclude that the trial court was not barred by res judicata from considering Davis's suppression motion and that we are not barred by the law-of-the-case doctrine from considering the merits of his first assignment of error.

B

The Merits of Davis's First Assignment of Error

{¶ 40} The averments of fact set forth in the search warrant affidavit material to the issue of probable cause to search the residence at 1578 Charles Street are quoted in full in Part I of this opinion. They suggest the following scenario: On four occasions, a confidential informant, CI, is given recorded buy money. He then endeavors to purchase cocaine from an individual, X. X takes the money, leaves "the residence" (evidently a residence other than the one at 1578 Charles Street), and returns a short time later "to complete a drug transaction." On two of these four occasions, X goes to 1578 Charles Street, stays a short time, and then returns directly to CI "to complete the cocaine sale."

{¶ 41} At the 2005 suppression hearing, both parties agreed that the issue is whether the affidavit, on its face, is sufficient to establish probable cause for the search. No other evidence was presented at the 2005 suppression hearing. Although the affiant, Detective Nourse, did testify at the 1999 suppression hearing, his testimony was limited to the scope of the search—his testimony did not concern itself with the probable-cause issue.

{¶ 42} In arguing that the affidavit is sufficient, on its face, to establish probable cause, the state focuses on the reasonableness of the inference to be drawn that the 1578 Charles Street residence contained contraband and evidence,

that is, that it was the source of the cocaine involved in two of the four controlled purchases. This inference is to be drawn from the following factual predicates: (1) CI gave X the recorded buy money for the purchase of cocaine, (2) X went directly to 1578 Charles Street on two of the four occasions, (3) X stayed a short time at 1578 Charles Street, (4) X returned directly to CI, and (5) X gave CI cocaine to complete the transaction.

{¶ 43} We agree with the state that it is reasonable to infer, from these predicate facts, at least for probable-cause purposes, that 1578 Charles Street was a source for the sale of cocaine. But this inference is no stronger than its predicate facts. The problem is that the predicate facts are not sufficiently established by the affidavit.

{¶ 44} Nourse, the affiant, has provided no information from which the reliability of the confidential informant can be determined. He merely refers to the confidential informant as "reliable." We are left to speculate which of these predicate facts may be within Nourse's own knowledge and which may have been related to him by the confidential informant. Nourse does not aver that he witnessed CI giving X the recorded buy money, that he saw X go directly from meeting with CI to 1578 Charles Street, that he saw X leave 1578 Charles Street after staying a short time, that he saw X return to CI, or that X gave CI cocaine. Nourse may have been surmising one or more of these facts, or he may have been relying upon the confidential informant as the source for one or more of these facts. Even if Nourse relied upon the confidential informant, there is nothing in Nourse's affidavit to establish the reliability of the confidential informant.

{¶ 45} In our view, the affidavit in this case is even weaker than the affidavit in *State v. Smith* (2001), 146 Ohio App.3d 154, 765 N.E.2d 433, a case Davis cites, which we found to be insufficient either to establish probable cause or to justify a good-faith exception to the exclusionary rule. In *Smith*, a confidential informant who had been checked for contraband and provided with a wireless transmitter went with another individual to a residence. The other individual in that case, Y, went with the defendant into another room. It was averred in the affidavit that the defendant gave Y an illegal drug, "ecstacy" [sic]. Y and the confidential informant then left the residence and Y gave the "ecstasy" to the confidential informant. The confidential informant later gave the "ecstacy" to a police officer. Shortly after the initial transaction, Y told the confidential informant that there were quantities of drugs in the residence where they had met the defendant, and Y repeated this information to police officers when later interviewed. At the suppression hearing, it was established that Y had not been searched for contraband before entering the residence where he and the confidential informant met the defendant. We held that this latter fact, "coupled with the fact that no

one witnessed the transaction between [the defendant] and [Y], would not support a finding by a fair probability that [the defendant] had provided the drugs to [Y]." Accordingly, we concluded that a warrant to search the residence where Y allegedly obtained the drug that he later gave to the confidential informant was not supported by probable cause and was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Id. at 160, 765 N.E.2d 433, citing *United States v. Leon* (1984), 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677.

{¶ 46} In the case before us, unlike in *State v. Smith*, the confidential informant did not see X go with the defendant into a room and then return with drugs for the confidential informant. Nor was the confidential informant checked for contraband and provided with a wireless transmitter. Nor were there subsequent, independent communications between X and the police, verifying the information. There is, then, even less reliable information in the case before us to support a finding of probable cause or of justification for a good-faith exception to the exclusionary rule.

{¶ 47} Davis's first assignment of error is sustained.

### III

{¶ 48} Davis's second assignment of error is as follows:

{¶ 49} "The court erred in denying the appellant's motion under *Franks v. Delaware*."

{¶ 50} This assignment of error is overruled as moot in view of our disposition of Davis's first assignment of error.

### IV

{¶ 51} Davis's third assignment of error is as follows:

{¶ 52} "The court erred in permitting the seizure of two bank accounts of the appellant that were not included in the forfeitures included in the plea agreement."

{¶ 53} The only order or ruling of the trial court to which Davis has directed our attention in connection with this assignment of error is its order of May 25, 2005, denying his motion of April 28, 2005, to "unfreeze" two bank accounts that he contends are not within the scope of the forfeitures to which he consented as part of his plea bargain. The state responds that these accounts were frozen in order to satisfy fines that have not been paid.

{¶ 54} The notice of appeal in this case was filed April 20, 2005, before the order of the trial court that Davis claims was erroneous. Furthermore, that

notice of appeal specified the final judgment rendered on April 13, 2005, as the order or judgment from which the appeal was taken. The trial court's order of May 25, 2005, is a postjudgment order that is not within the scope of this appeal. Accordingly, Davis's third assignment of error is overruled, without prejudice, since our appellate jurisdiction has not been invoked with respect to the order of which Davis complains.

<div align="center">V</div>

{¶ 55} Davis's first assignment of error having been sustained, and his other two assignments of error having been overruled, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

<div align="right">Judgment reversed<br>and cause remanded.</div>

GRADY, P.J., and BROGAN, J., concur.