[Cite as *State v. Mitchell*, 2013-Ohio-622.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellant

v.

LAYRUE MITCHELL

      Defendant-Appellee

Appellate Case No.   25402

Trial Court Case No. 12-CR-1055/1

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of February, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

GEORGE A. KATCHMER, Atty. Reg. #0005031, 1886 Brock Road N.E., Bloomingburg, Ohio 43106
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

    **{¶ 1}**    In this case, the State of Ohio appeals, pursuant to R.C. 2945.67 and Crim.R.

12(K), from a trial court decision and entry sustaining a suppression motion filed by Defendant-Appellee, Layrue Mitchell. The State contends that the trial court erred in suppressing evidence obtained through execution of a search warrant. In particular, the State argues that the affidavit supporting the search warrant provided a substantial basis upon which the issuing judge could find a fair probability that a crime had been committed and that evidence would be found within the place to be searched. In addition, the State maintains that the detective who executed the search warrant relied in good faith on the issuance of the warrant.

{¶ 2} We conclude that the trial court erred in sustaining the motion to suppress. The affidavit provided a substantial basis upon which the issuing judge could find a fair probability that a crime had been committed and that evidence would be found within the place to be searched. Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

I. Facts and Course of Proceedings

{¶ 3} In June 2012, Defendant-Appellee, Layrue Mitchell, was indicted on one count of trafficking in heroin, one count of possession of heroin, one count of possession of criminal tools, one count of misdemeanor possession of drugs, and three counts of having weapons while under disability. Mitchell pled not guilty, and subsequently filed a motion to suppress evidence, based on a claim that the affidavit supporting the warrant contained material misstatements and omissions, and violated *Franks v. Delaware*, 438 U.S. 154, 156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

{¶ 4} At the suppression hearing, Mitchell and the State stipulated to admission of a

copy of the search warrant. No testimony was submitted. Instead, Mitchell and the State agreed that the motion to suppress was one brought pursuant to *Franks*, and involved only the four corners of the affidavit. Mitchell argued that the warrant was insufficient to warrant a search of his premises, because there was no statement as to the confidential informant's reliability. Mitchell also contended that the affidavit was misleading, because it gave the impression that the confidential informant was closely monitored and that the informant was reliable, when none of that was evidenced in the affidavit. The State argued that the confidential informant had been searched prior to both of the drug buys, and that the confidential informant also said that he saw firearms (which Mitchell was not permitted to have or own) in Mitchell's residence.

{¶ 5} The affidavit prepared by Detective Greg Stout and filed to obtain the search warrant states, in pertinent part, as follows:

> The affiant, Det. G. Stout, has been a sworn law enforcement officer with the City of Kettering since January of 2007. The affiant has been assigned to the Criminal Investigation Section of the Kettering Police Department since December of 2011. The affiant served as a Deputy Sheriff at the Miami County, Ohio Sheriff's Office from October 2002 until January 2007. The affiant has investigated the criminal offenses of burglary, breaking and enterings, thefts, violent crimes, sex crimes, drug and narcotics investigations, weapons offenses and other crimes. The affiant has attended numerous classes, seminars, and conferences on criminal investigation techniques and interview methods. The affiant has attended several classes and seminars on drug investigations.

On or about 12/03/2011 Confidential Informant (C.I.) #276 reported that Layrue Mitchell Jr. sells heroin from his Moler Ave. town home. C.I. #276 directed Dets. J. Pedro and G. Stout to Mitchell's residence, identifying it as 1515 Moler Ave. in the City of Kettering, Montgomery County, Ohio. C.I. #276 informed Detectives that C.I. #276 has purchased heroin from Mitchell at this address on several occasions. Det. Stout was able to verify from independent sources that Mitchell does reside at 1515 Moler Ave.

C.I. #276 reported that Mitchell keeps the heroin in an upstairs bedroom, identified as Mitchell's bedroom, in a night-stand drawer. Another adult male known only as "Mike," two adult females and a six year old female also reside in the home. On or about 12/06/2011 C.I. #276, acting for the Kettering Police Department contacted Mitchell by telephone at (937) 397-8842. Mitchell invites [sic] C.I. #276 to his residence with the intention of selling C.I. #276 one half of a gram of heroin for fifty dollars in U.S. currency. C.I. #276 was searched prior to the transaction with no contraband located. C.I. #276 was issued fifty dollars in U.S. currency then transported to the area of 1515 Moler Ave. While under surveillance and constant police monitoring and control, C.I. #276 was observed entering the home. C.I. #276 exited the home after a short time at which point he turned over approximately .41 grams of suspected heroin to Det. Stout. C.I. #276 was again searched after the purchase with no contraband or currency located. C.I. #276 reported that the juvenile female was present during the drug transaction. State's Exhibit 1, pp. 8-9, ¶ IV, 1-4.

**{¶ 6}** The same observations were made regarding a transaction by C.I. #276 on December 30, 2011, except that the amount of currency was $150, and the amount of suspected heroin was 1.01 grams. However, in this case, the affidavit did not state that C.I. #276 was searched prior to entering Mitchell's home. The informant was searched after leaving the home, however, and only contraband – and no currency – was found.

**{¶ 7}** In addition to the above information, the affidavit indicated that C.I. #276 had reported that Mitchell possessed a rifle in his bedroom closet and a pistol stored in various locations around the house. It further stated that the police had confirmed from computerized data bases that Mitchell was a convicted felon and that his criminal record showed arrests for robbery and convictions for two counts of felonious assault. The affidavit also contained information about a car that Mitchell drove. The car was registered to another person who was not known to reside at the townhouse, but the vehicle was present during each drug buy and several surveillance activities. C.I. #276 indicated to police that he knew Mitchell drove the car, and pointed it out to detectives.

**{¶ 8}** The affidavit was signed on January 6, 2012, and the issuing judge approved a search warrant the same day for the person and living quarters of Mitchell, and for the car that Mitchell allegedly used. The police executed the warrant on January 6, 2012, and located various drugs, drug paraphernalia, and guns at Mitchell's home, in the places where C.I. #276 had specified they would be found.

**{¶ 9}** After considering the content of the affidavit, the trial court granted the motion to suppress evidence obtained from the search. Relying on our prior decision in *State v. Davis*, 166 Ohio App.3d 468, 2006-Ohio-1592, 851 N.E.2d 515 (2d Dist.), the trial court noted that the

affidavit did not state whether the confidential informant was reliable, and did not describe what "constant police monitoring and control" entailed, leaving the court to speculate about what the informant relayed and what was within the affiant's own knowledge. The trial court also observed that the affidavit failed to aver that the informant had been searched prior to entering Mitchell's residence on December 30, 2011.

{¶ 10} The State appeals from the trial court decision sustaining the motion to suppress.

II. Did the Affidavit Provide a Substantial Basis for Issuing the Warrant?

{¶ 11} The State's first assignment of error states that :

The trial court's suppression of the evidence was improper because the affidavit in support of the search warrant provided a substantial basis for the issuing judge to conclude that there was a fair probability that a crime had been committed and that evidence of that crime would be found within the place to be searched.

{¶ 12} Under this assignment of error, the State contends that the trial court erred by relying too heavily on *Davis*, and by overlooking the strength of the remaining parts of the affidavit.

{¶ 13} "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular

place.' " *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 1989), paragraph one of the syllabus, quoting from and following *Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶ 14}   The Ohio Supreme Court also stressed in *George* that:

In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant.   Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.   In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.   *Id.* at paragraph two of the syllabus.

{¶ 15}   In *Davis*, we found an affidavit "clearly insufficient to establish either probable cause for the search or a basis for finding a good-faith exception to the probable cause requirement." *Davis*, 166 Ohio App.3d 468, 2006-Ohio-1592, 851 N.E.2d 515 (2d Dist.), ¶ 4. The only issue in *Davis* was the facial sufficiency of the affidavit, and no other evidence was submitted on the probable cause issue.   *Id.* at ¶ 41.   This is the situation in the case before us, and is consistent with the fact that "a probable cause inquiry must be confined to the four corners of the affidavit * * *."   *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d

Dist.1996). Unlike the present case, however, the connection in *Davis* between the affiant and the drug purchase was considerably more attenuated.

**{¶ 16}** The affidavit in *Davis* indicated that the confidential informant was given money on four occasions to purchase drugs. The informant then gave the money to another individual ("X"), who left the informant's residence, went to the defendant's residence, and on two of the four occasions, returned with cocaine to complete the transaction. *Davis* at ¶ 40.

**{¶ 17}** Notably, the affidavit in *Davis* did not provide any information from which the informant's reliability could be determined. For example, the affiant did not indicate that he saw any of the relevant matters, including the informant giving X the recorded buy money. The affiant also did not say that he saw X going from the informant's house to the defendant's residence, that he saw X leave the defendant's house after staying a short time, or that he saw X giving the informant cocaine. *Id.* at ¶ 44. As a further matter, the confidential informant in *Davis* did not see X go with the defendant into a room and return with drugs, the informant was not checked for contraband and equipped with a wireless transmitter, and there were no subsequent, independent communications between X and the police, verifying the information. *Id.* at ¶ 46. Based on these deficiencies, we concluded that the affidavit was weak and did not support a finding of probable cause. *Id.* at ¶ 45-46.

**{¶ 18}** The affidavit in Mitchell's case does not suffer from the same or similar infirmities. Instead, Detective Stout, the affiant, was directly involved with the person buying the drugs, and the confidential informant personally observed the drug transaction. Furthermore, while Detective Stout did not specifically state that C.I. #276 was "reliable," the facts in the affidavit, including the controlled drug buys and the police interaction with C.I. #276,

provide the issuing authority with a substantial basis for believing that probable cause existed for a search warrant.

{¶ 19} "Courts have generally recognized three categories of informants: (1) the identified citizen informant, (2) the known informant, i.e., someone from the criminal world who has a history of providing reliable tips, and (3) the anonymous informant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864,¶ 36, citing *Maumee v. Weisner*, 87 Ohio St.3d 295, 300, 720 N.E.2d 507 (1999).

{¶ 20} "Where a confidential or anonymous informant is the source of the hearsay, the 'informant's veracity, reliability and basis of knowledge are all highly relevant' in a totality of the circumstances probable cause determination. *Gates* at 230 (internal quotations omitted). There must be some basis in the affidavit to indicate the informant's credibility, honesty or reliability. An affidavit which contains detailed information from informants (permitting an inference that illegal activity was personally observed by the informants), police corroboration of an informant's intelligence through its own independent investigation, or additional testimony by the affiant helps to bolster and substantiate the facts contained within the affidavit. While individual facts and statements themselves may not separately support a probable cause determination; a reviewing court must weigh all of the components together because '[p]robable cause is the sum total of [all] layers of information.' " (Citations omitted.) *State v. Harry*, 12th Dist. Butler No. CA2008-01-0013, 2008-Ohio-6380, ¶ 20.

{¶ 21} The fact that the confidential informant had detailed knowledge of the interior of Mitchell's home, including specific areas where drugs and weapons were to be found (and were found), coupled with the success of the informant's drug buys, which were directly observed and

monitored by the police, indicate that the informant was truthful and reliable. Accordingly, we conclude that the trial court erred in sustaining the motion to suppress. The police would not be amiss, however, in incorporating a bit more information about the reliability of an informant. Although "reliability is merely one factor to be considered in reviewing all of the averments in the affidavit," and failure to establish reliability is "no longer a fatal defect in a probable cause analysis," it is still a consideration. *State v. Tuff*, 11th Dist. Lake Nos. 2010–L–082 and 2010–L–083, 2011-Ohio-6846, ¶ 36, citing *State v. Smith*, 11th Dist. Ashtabula No.2004–A–0088, 2006–Ohio–5186, and *Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶ 22} The State's final point is that Mitchell's reliance on the *Franks* case, and the trial court's passing mention of *Franks* are misplaced. In this regard, the State contends that *Franks* involves a situation in which a defendant makes a "substantial preliminary showing" that an affiant has included a false statement in the affidavit for a warrant.

{¶ 23} In *State v. Stropkaj*, 2d Dist. Montgomery No. 18712, 2001 WL 1468905 (Nov. 16, 2001), we noted that "[a] search warrant affidavit that is facially sufficient may nevertheless be successfully attacked if the defendant can show by a preponderance of the evidence that the affiant made a false statement intentionally, or with reckless disregard for the truth." *Id.* at * 2, citing *Franks*, 438 U.S. 154, 155-156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and *State v. Waddy*, 63 Ohio St.3d 424, 441, 588 N.E.2d 819 (1992).

{¶ 24} In *Stropkaj*, we reviewed the testimony at the suppression hearing in order to determine whether the alleged omissions of fact in the affidavit were known by the affiant or were, in fact, misleading. *Id.* at * 3. We stressed that:

[W]hen a police officer reviews, for its accuracy, a paragraph in an affidavit that he knows is going to be used to apply for a search warrant, he has the same obligation to avoid misleading facts and omissions as the officer executing the affidavit. Although mere police negligence in checking or recording the facts relevant to a probable cause determination will not support looking beyond the four corners of the affidavit, intentionally misleading statements or omissions, or statements or omissions made in reckless disregard of their tendency to mislead the magistrate, will support looking beyond the four corners of the affidavit. *Id.*

{¶ 25}    Mitchell made no effort to present evidence at the suppression hearing, and relied solely on the content of the warrant. We, therefore, have no factual basis upon which to decide whether the affiant made a false statement, intentionally, or with reckless disregard for the truth.

{¶ 26}    Based on the preceding discussion, the first assignment of error is sustained.


III.

{¶ 27}    The State's second assignment of error is as follows;

Because Detective Stout in [sic] objective reasonable reliance on Judge Hanna's issuance of the search warrant, the "good faith" exception to the exclusionary rule applies. The trial court's suppression of the evidence, therefore, was improper.

{¶ 28}    Under the second assignment of error, the State focuses on the "good-faith" exception to the exclusionary rule. The State contends that even if we find a lack of probable

cause for issuing the search warrant, Detective Stout's reliance on the warrant was objectively reasonable.

**{¶ 29}** In view of our resolution of the first assignment of error, this assignment of error is moot, and need not be addressed.

**{¶ 30}** The second assignment of error is overruled as moot.

IV.  Conclusion

**{¶ 31}** The State's first assignment of error having been sustained and the second assignment of error having been overruled as moot, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Andrew T. French
George A. Katchmer
Hon. Barbara P. Gorman