[Cite as *State v. Spears*, 2015-Ohio-3652.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27633 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL S. SPEARS | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. TRD123735 |

DECISION AND JOURNAL ENTRY

Dated: September 9, 2015

HENSAL, Presiding Judge.

{¶1} Michael Spears appeals from the November 19, 2014 decision of the Barberton Municipal Court. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Spears pleaded no contest to the charge of driving with a suspended license, and the trial court found him guilty. The trial court sentenced Mr. Spears to 180 days in jail with 120 days suspended and ordered him to pay $250 fine and court costs. The trial court issued an order on March 28, 2012, declaring Mr. Spears' drivers' license to have been forfeited because he had failed to make the required payments.

{¶3} Mr. Spears filed a motion on April 22, 2014, in which he asserted that he was currently incarcerated and was "available for final adjudication of all indictments, information[s] and/or complaints which are or may be pending against him in your respective jurisdictions(s)." He also wrote that the notice was filed "pursuant to Ohio Revised Code[ ] Section 2941.401."

Mr. Spears filed a "MOTION TO DISMISS CHARGES PURSUANT TO OHIO REVISED CODE[ ] SECTION 2941.401" on October 30, 2014, asserting that he was entitled to have "[a]ll Warrant(s) and Court Cost[s], [and] fin[e]s" dismissed "pursuant to Ohio Revised Code[ ] Section 2941.401" because he had not been brought to trial within 180 days of his April 22, 2014 notice of availability. The trial court construed Mr. Spears' motion as a motion to vacate his fines and costs and denied the motion on November 19, 2014.

{¶4} Mr. Spears has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITED PREJUDICE ERROR ON MAR. 3 2015 WERE THE COURT FAIL TO CONDUCT A HEARING R.C. 2947.14(B) TO DETERMINE WHETHER THE DEFENDANT HAS THE ABILITY TO PAY THE IMPOSED FINES IN THE SUM OF $3,448.75 WHEN THE FINES ARE EXCESSIVE BASED UPON THE DEFENDANT ABILITY TO PAY THE FINES VIOLATION OF THE DEFENDANT UNITED STATES CONSTITUTIONAL RIGHTS AMENDMENTS, 8, AND 14. (SIC THROUGHOUT)

{¶5} We initially note that Mr. Spears is proceeding pro se in this appeal. "It is well established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as opposed to technicalities." *Lavery v. Akron Hous. Appeals Bd., Dept. of Pub. Serv.*, 9th Dist. Summit No. 27383, 2015-Ohio-1277, ¶ 5. Nevertheless, it is not this Court's duty to create an appellant's argument. *Id.*

{¶6} Although Mr. Spears' appeal is from the November 19, 2014 judgment entry of the trial court, he does not develop any argument about why that decision was incorrect. *See* App.R. 16(A)(7). Instead, he appears to argue about actions that the trial court took in response to a motion he filed on February 20, 2015. However, Mr. Spears' February 20, 2015 motion, as

well as any actions taken by the trial court after the notice of appeal was filed on December 17, 2014, are outside the scope of this appeal. *See State v. Davis*, 166 Ohio App.3d 468, 2006-Ohio-1592, ¶ 5 (2d Dist.).

**{¶7}** Accordingly, Mr. Spears' assignment of error is overruled.

III.

**{¶8}** Mr. Spears' assignment of error is overruled, and the judgment of Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MICHAEL S. SPEARS, pro se, Appellant.