Robb, P.J.
*259 {¶1} Defendant-Appellant Justin Dennison appeals the decision of the Columbiana County Court of Common Pleas denying his motion to suppress the evidence obtained during the search of his residence. The officers obtained a search warrant to search Appellant's residence. Appellant argues the search warrant should not have been issued because there was not a proper showing of probable cause that contraband or evidence of possession of drugs, specifically heroin, would be found in the residence. The issue before this court is whether the court abused its discretion in issuing the search warrant; was there sufficient probable cause in the affidavit accompanying the request for the search warrant. For the reasons expressed below, the warrant was supported by probable cause. The drugs seized during the search were not required to be suppressed. The trial court suppression ruling is affirmed.
Statement of the Case
{¶2} Appellant was indicted for drug possession, specifically heroin, in violation of R.C 2925.11(A), a second-degree felony. 8/18/16 Indictment. Appellant pled not guilty to the charge and thereafter moved to unseal the search warrant. 9/9/16 J.E.; 1/17/17 Motion. The parties reached an agreement to unseal the search warrant and affidavit, both of which were to be treated as "counsel only" material. 1/20/17 J.E.
{¶3} Appellant filed a motion to suppress all evidence collected during the execution of the search warrant. 3/8/17 Motion to Suppress. The search warrant was issued to search Appellant's residence located at 36333 Longs Crossing Rd, Leetonia, Columbiana County, Ohio. The evidence found during the search was heroin. In the motion to suppress this evidence, Appellant argued there was not sufficient probable cause stated in the affidavit to support the issuance of a search warrant. 3/8/17 Motion to Suppress. The state responded to the motion asserting there was sufficient probable cause stated in the search warrant. 4/17/17 Response to Motion to Suppress. Thereafter, Appellant filed a reply. 4/24/17 Reply to Response Motion.
{¶4} The parties agreed to submit the matter on the briefs. 5/1/17 J.E. The trial judge was Judge Pike; however, he issued the search warrant. 5/1/17 J.E. Thus, for purposes of ruling on the suppression motion, the issue was transferred to Judge Washam. 5/1/17 J.E.
{¶5} The trial court denied the suppression motion. 6/13/17 J.E. Both the search warrant and the affidavit were marked as exhibits to the judgment entry, but remained under seal with the court reporter. 6/13/17 J.E. The trial court found the affidavit set forth sufficient probable cause of criminal activity occurring at Appellant's residence located at 36333 Longs Crossing Road. 6/13/17 J.E. There were two controlled purchases involving a confidential informant and an unwitting third person that occurred at the residence; each time the unwitting third person entered the residence and came out a few minutes later with heroin and handed it directly to the undercover agent. 6/13/17 J.E. The court *260 indicated the search warrant affidavit corroborated the reliability of the confidential informant. 6/13/17 J.E. There was also a reliable source known to the detective who reported Appellant and Diana Jenkins were selling heroin in 2014. 6/13/17 J.E. In 2015 and 2016 this same detective also received information from known sources Appellant and Diana Jenkins were involved with a "big time" drug dealer in Youngstown. 6/13/17 J.E. The detective also averred he received reliable information Appellant kept drugs in the trunk area of his personal vehicles, Appellant regularly drove three different vehicles, one of the vehicles was present at the residence when the first controlled purchase occurred, and all vehicles were present during the second controlled purchase at the residence. 6/13/17 J.E.
{¶6} In addition to finding there was probable cause, the trial court also found, even if the search warrant was not supported by probable cause, the good faith exception was applicable. 6/13/17 J.E.
{¶7} The state and Appellant entered into a plea agreement. 8/29/17 J.E. Appellant withdrew his not guilty plea and entered a no contest plea to the indictment. 8/29/17 J.E. The trial court accepted the plea and found Appellant guilty of possession of drugs, a violation of R.C. 2925.11(A), a second-degree felony. 8/29/17 J.E.
{¶8} Appellant received a three year prison sentence and three years of post release control. 11/14/17 J.E.
{¶9} Appellant timely appealed the suppression ruling challenging the findings that the affidavit presented sufficient probable cause and, even if it did not, the good faith exception applied.
First Assignment of Error
"The trial court lacked a substantial basis to determine that probable cause existed that evidence of criminal activity, in particular, controlled substances, would be found at Appellant's residence. The warrant in this case was issued based upon an affidavit submitted by Detective George Long. The affidavit was so lacking in indicia of probable cause to render any reliance upon it unreasonable."
{¶10} As stated above, Appellant is challenging the issuance of the search warrant. He contends the affidavit did not establish sufficient probable cause for the issuance of the search warrant. Appellant argues the affidavit did not establish a connection between criminal activity of drug possession and his residence. He asserts the information in the affidavit from sources only established that drugs were kept in the trunk of a vehicle or vehicles owned by Appellant, not at his residence. He acknowledges the affidavit indicated there were two controlled buys involving a confidential informant and an unwitting third person that occurred at the residence. However, he focused on the unwitting third person who was not established as reliable in the affidavit. He asserts, at most, the affidavit established an assumption that evidence of criminal activity would be found at the residence, instead of establishing reasonable cause to believe that specific things to be searched for and seized were located on the property.
{¶11} The state counters focusing on the two controlled buys at the residence and the fact that it is widely accepted that the residence is a convenient and commonly used place for planning continued criminal activities like trafficking drugs and laundering money. It asserts in the case of drug dealers, evidence is likely to be found where the dealer lives. Thus, it concludes there was probable cause to issue the search warrant.
{¶12} Under Crim.R. 41, a request for a search warrant must be accompanied by a *261 sworn affidavit "establishing the grounds for issuing the warrant." Crim.R. 41(C)(1). A search warrant will be issued if the judge finds, based on the information in the affidavit, "probable cause for the search exists." Crim.R. 41(C)(2). "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Crim.R. 41(C)(2).
{¶13} In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the duty of the judge or magistrate issuing the warrant is to simply "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George , 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting Illinois v. Gates , 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The issuing judge or magistrate is confined to the averments contained in the affidavit supporting the issuance of the search warrant. State v. Swift , 12th Dist. No. CA2013-08-161, 2014-Ohio-2004, 2014 WL 1896483, ¶ 16. Therefore, it is "essential that an affidavit for a search warrant include facts establishing probable cause that the items sought to be searched for and seized are related to the commission of some crime." State v. J.A.C. , 12th Dist. Nos. CA2017-04-044 and CA2017-04-045, 2018-Ohio-361, 2018 WL 582332, ¶ 18.
{¶14} As the reviewing court, we do not conduct a de novo review as to whether the search warrant affidavit provided sufficient probable cause. Gates , 45 Ohio St.3d 325 at paragraph two of the syllabus. Rather, this court's limited duty is to ensure the judge or magistrate issuing the search warrant had a substantial basis for concluding probable cause existed based on the information contained within the four corners of the affidavit. Id. See also Illinois , 462 U.S. at 238-239, 103 S.Ct. 2317. In making this determination, the reviewing courts must examine the totality of the circumstances. State v. Jones , 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 13. A reviewing court is required to afford great deference to the judge or magistrate's determination of probable cause "and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." Id. at ¶ 14, quoting George , 45 Ohio St.3d 325, 544 N.E.2d 640 at paragraph two of the syllabus. Therefore, this court will not "invalidate ... warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." Illinois , 462 U.S. at 236, 103 S.Ct. 2317.
{¶15} The trial court and this court have reviewed the affidavit. The affidavit contained information provided to the affiant from unknown and known sources and information concerning two controlled buys with a confidential informant and an unwitting third person.
{¶16} The information in the affidavit from sources, known and unknown, concerned previous drug sales and Appellant's personal habits. Sources indicated Appellant and his wife were selling drugs in 2014, 2015, and 2016 and during that time, Appellant was supplying heroin to others to sell. 6/13/17 J.E. One of the known sources claimed Appellant had 7-8 cell phones and was involved with a "big time drug dealer" from Youngstown. 6/13/17 J.E. As to personal habits, a known source indicated Appellant and his wife were spending large amounts of cash on guns, *262 gifts for their children, and expensive dogs. The detective stated, from his own personal knowledge, he knew Appellant was not employed. A known source also provided information to the affiant that Appellant kept drugs in the trunk of his personal vehicles. 6/13/17 J.E. The detective confirmed the vehicles owned and regularly used by Appellant. 6/13/17 J.E. The detective also avowed in the affidavit that it is common for drug traffickers to use "vehicles to transport, distribute, obtain and conceal controlled substances." 6/13/17 J.E.
{¶17} The affidavit also discussed the two controlled buys. 6/13/17 J.E. These transactions involved a confidential informant and unwitting third person. 6/13/17 J.E. Each controlled purchase began with the confidential informant being searched and given marked money and a recording device. 6/13/17 J.E. The unwitting third party was then picked up and the confidential informant and unwitting third party were driven by an undercover police officer to Appellant's house. The unwitting third party entered the residence and a few minutes later came out and handed the heroin directly to the undercover agent. 6/13/17 J.E. During the controlled purchases, the undercover agent observed Appellant's vehicles in the driveway; one vehicle was at the residence for the first controlled purchase and all three were there for the second controlled purchase. 6/13/17 J.E.
{¶18} Appellant cited the trial court to a Second Appellate Court decision where the trial court and the appellate court found there was not probable cause when an unwitting informant was left alone with the alleged drug dealer and it was during that time that the drug transaction occurred. State v. Smith , 146 Ohio App.3d 154, 765 N.E.2d 433 (2d Dist.2001). We agree with the trial court that the Smith case is distinguishable.
{¶19} The trial court in Smith noted that although the unwitting third party made statements against his penal interest, he was "motivated to help himself by turning on" the alleged drug dealer. Id. at 157, 765 N.E.2d 433. Although those facts were not in the affidavit, the record in that case contained facts supporting that conclusion. As the trial court noted, there was no evidence presented "bearing on the reliability or veracity of the confidential informant or unwitting third party." 6/13/17 J.E. The affidavit here clearly indicates the unwitting third party was only alone with Appellant for a "few minutes" and immediately upon leaving the residence the unwitting third party handed the heroin directly to the undercover agent. These facts were not present in Smith . Furthermore, as the trial court noted the affidavit indicated the confidential informant worked with the Columbiana County Drug Task Force to corroborate his own tip. 6/13/17 J.E. The court explained:
Twice the confidential informant arranged for an unwitting third person to purchase heroin. That the confidential informant was able to accurately predict that on two different dates, days apart, the unwitting third person would be able to purchase heroin from inside 36333 Longs Crossing Road bolsters his credibility. Knowledge of another person's habits and being able to accurately predict their future actions are indicia of reliable information. In the words of the United States Supreme Court, because an informant is shown to be right about some things, he is probably right about other facts, including the claim that the object of the tip is engaged in criminal activity.
6/13/17 J.E.
{¶20} Therefore, the fact that an unwitting third party was used for this *263 controlled purchase and the confidential informant was not present during the controlled purchase does not indicate there was no probable cause.
{¶21} The probable cause in this case, however, is not based solely on the controlled purchases, but all the information contained in the affidavit. As discussed above, known reliable sources indicated Appellant was selling heroin and was spending large amounts of money despite not working. The trial court noted, "That heroin was twice purchased inside the residence independently corroborates much of the information being independently gathered by Detective Long about the Defendant's reported drug activity over the preceding two years." 6/13/17 J.E. The Second Appellate District has explained:
An affidavit which contains detailed information from informants (permitting an inference that illegal activity was personally observed by the informants), police corroboration of an informant's intelligence through its own independent investigation, or additional testimony by the affiant helps to bolster and substantiate the facts contained within the affidavit. While individual facts and statements themselves may not separately support a probable cause determination, a reviewing court must weigh all of the components together because "[p]robable cause is the sum total of [all] layers of information." (Citations omitted.)
State v. Mitchell , 2d Dist. No. 25402, 2013-Ohio-622, 2013 WL 683504, ¶ 20.
{¶22} Likewise, we also recognize that case law indicates there is a nexus between a drug dealer's criminal activity and the dealer's residence. The Twelfth Appellate District has explained:
The nexus between the items sought and the place to be searched depends upon all of the circumstances of each individual case, including the type of crime and the nature of the evidence. State v. Marler , 2d Dist. Clark No. 2007 CA 8, 2009-Ohio-2423 [2009 WL 1448972], ¶ 26. A " 'nexus exists between a known drug dealer's criminal activity and the dealer's residence when some reliable evidence exists connecting the criminal activity with the residence.' " State v. Phillips , 10th Dist. Franklin No. 15AP-1038, 2016-Ohio-5944 [2016 WL 5375425], ¶ 14, quoting United States v. Gunter , 266 Fed.Appx. 415, 419 (6th Cir.2008).
State v. Nelson , 12th Dist. No. CA2017-08-042, 2018-Ohio-2819, 2018 WL 3430301, ¶ 23.
{¶23} The Tenth Appellate District has upheld the issuance of a search warrant for a defendant's residence when the affidavit contained no evidence the defendant distributed narcotics from his home or that there was any suspicious activity that took place at the residence. State v. Phillips , 10th Dist. No. 15AP-1038, 2016-Ohio-5944, 2016 WL 5375425, ¶¶ 24-27. Mindful of the deference given to a judge's or magistrate's decision regarding the existence of probable cause, the appellate court found the affidavit set forth sufficient facts to establish a nexus between the alleged criminal activity and the residence. Id. at ¶ 25. The court reasoned that the officers' observations that immediately before the controlled purchases Phillips left the residence and went to the site where the controlled purchases were scheduled to occur along with statements that the confidential informant was considered and the detective's experience in drug related arrests and investigations provided the magistrate with a substantial basis to conclude that a nexus existed between the place to be searched and the alleged criminal activity. Id. at ¶¶ 25-26.
*264 {¶24} Federal case law indicates there is a nexus between a drug dealer's criminal activity and the dealer's residence when there is additional other information establishing some connection of criminal activity to the residence. United States v. Gunter , 266 Fed.Appx. 415, 419 (6th Cir.2008) (noting precedents establishing that there is a nexus between a drug dealer's criminal activity and the dealer's residence when there is reliable evidence connecting the criminal activity to the residence); United States v. Caicedo, 85 F.3d 1184, 1192-93 (6th Cir.1996) (holding that there was probable cause based on an affidavit that stated, in the affiant's experience, many drug traffickers use their residences to conduct their drug trafficking activities); United States v. Jones , 159 F.3d 969, 975 (6th Cir.1998) (Although incidents referred to in the affidavits took place at places other than the residence does invalidate the search of the residence. "[I]n the case of drug dealers, evidence is likely to be found where the dealers live."); United States v. Reddrick, 90 F.3d 1276, 1281 (7th Cir.1996) ("[O]ur prior cases have recognized that, in issuing a search warrant, a magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense, and that in the case of drug dealers evidence is likely to be found where the dealers live[.]"). However, a person's status as a drug dealer does not, by itself, give rise to a fair probability that drugs will be found in the defendant's residence. United States v. Frazier , 423 F.3d 526, 533 (6th Cir.2005). If the warrant is based almost exclusively on the uncorroborated testimony of unproven confidential informants, the allegation that the person is a drug dealer, without more, is insufficient to tie the alleged criminal activity to the residence. Id. See also United States v. Carpenter , 360 F.3d 591, 595 (6th Cir.2004). (Probable cause is not established where the connection between the residence and the evidence of criminal activity is too "vague, generalized, and insubstantial.").
{¶25} In this instance, as aforementioned, there was corroboration and there were two controlled purchases at the residence. The affidavit, as recited by the trial court in its determination that the motion to suppress should be denied, provides sufficient probable cause. Considering the deference given to the judge issuing the warrant and all the statements in the affidavit, there was sufficient nexus between the residence and alleged criminal activity. The affidavit provided sufficient probable cause to support the issuance of a warrant.
{¶26} Therefore, given the totality of the circumstances, there were reasonable grounds to believe a nexus existed between the place searched and the evidence sought; the judge issuing the search warrant had a substantial basis for concluding probable cause existed based on the information contained within the four corners of the affidavit. This assignment of error is meritless.
Second Assignment of Error
"The trial court committed error in finding that the officers executing the warrant were entitled to and did rely upon it in good faith."
{¶27} The trial court alternatively determined that even if there was not sufficient probable cause for the issuance of the search warrant, the good faith exception applied and the evidence seized during the search was not required to be suppressed. As this court has concluded there is no merit with the first assignment of error, this assignment of error is moot.
Conclusion
{¶28} The first assignment of error lacks merit. That determination renders *265 the second assignment of error moot. The trial court's decision to deny the suppression motion is affirmed.
Waite, J., concurs.
Bartlett, J., concurs.