READ, Appellant,

v.

CITY OF FAIRVIEW PARK et al., Appellees.

[Cite as *Read v. Fairview Park* (2001), 146 Ohio App.3d 15.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79036.

Decided Sept. 17, 2001.

*Ronald A. Apelt,* for appellant.

*Mazanec, Raskin & Ryder, John T. McLandrich, Todd M. Raskin* and *Daniel Herak*;  and *Mark J. Volcheck,* for appellees.

———————

TERRENCE O'DONNELL, Judge.

Holly Read appeals from a judgment of the common pleas court that dismissed her abuse-of-process claim against the city of Fairview Park and Patrolman James Joyce based on the statute of limitations.  On appeal, Read asserts that the statute of limitations for abuse of process does not begin to run until the underlying criminal matter is resolved.  We disagree and have concluded that the statute of limitations for an abuse-of-process claim begins to run on the date of the allegedly tortious conduct.  Further, we have determined that the two-year statute of limitations applies to abuse-of-process claims against political subdivisions and their employees. Accordingly, we affirm the judgment of the trial court.

The record before us reveals that, on *July 24, 1996,* Fairview Park Patrolman Michael Anderson stopped Holly Read, cited her for speeding, and then arrested her for disorderly conduct.  As a result of her arrest, Patrolman James Joyce inventoried her vehicle and found a leather pouch containing marijuana;  therefore, the police issued another citation to her for possession of marijuana.

Patrolman Joyce, allegedly acting in his official capacity as a patrolman with the Fairview Park Police Department, took the leather pouch of marijuana to Read's place of employment, the Fairview Park branch of the United States Post Office, showed it to her supervisors and co-employees, and told them she had been arrested for possession of marijuana.  Read's complaint for abuse of process alleges that Joyce's actions led to her demotion, and the loss of seniority and income.

On *September 17, 1996,* as further alleged in Read's abuse-of-process complaint, the court in her criminal case found her guilty of speeding and of disorderly conduct but dropped the possession of marijuana charge.

On *November 19, 1999,* Read filed a complaint against Fairview Park and Patrolman Joyce in common pleas court, alleging abuse of process, claiming that Joyce should not have visited her employer.  Read, however, voluntarily dismissed that complaint on May 1, 2000, but refiled it on *September 18, 2000.*

The city of Fairview Park and Patrolman Joyce filed a joint motion to dismiss the refiled case, asserting that the statute of limitations had expired;  on November 28, 2000, the trial court granted this motion and dismissed Read's complaint.

Read now appeals, raising one assignment of error for our review.  It states:

"The trial court erred in granting defendants' motion to dismiss since plaintiff Holly Read's abuse of process claim was timely re-filed on September 18, 2000, since the statute of limitations for an abuse of process claim does not begin to run until the underlying criminal matter is resolved."

The pertinent issue presented here concerns whether Read's claim for abuse-of-process had been barred by the expiration of the statute of limitations. Read urges that the four-year statute of limitations contained in R.C. 2305.09 applies to an abuse-of-process claim, and that such a claim does not begin to run until the underlying criminal matter is resolved; therefore, she claims that she timely refiled her complaint on Monday, September 18, 2000.[1] Fairview Park and Patrolman Joyce, on the other hand, assert that the abuse-of-process claim expired on July 24, 2000, four years after the date of the allegedly tortious conduct.

In *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of the syllabus, the Ohio Supreme Court recognized the tort of abuse of process, and set forth the following three elements:

"(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."

As Fairview Park correctly points out, unlike malicious prosecution, "termination of the prosecution in favor of the accused" is *not* a necessary element to establish an abuse-of-process claim. Cf. *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, where the court set forth in its syllabus the elements to establish a cause of action for malicious prosecution:

"The elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.  * * *"

Thus, by comparing the elements of malicious prosecution with those of abuse of process, it becomes immediately apparent that proof of the successful termination of the underlying criminal case is an essential element of malicious prosecution; however, this is not true for presentation of a claim of abuse of process.

As stated in Prosser, Law of Torts (4 Ed. 1971), Section 121, at 856:

---

1. Read points out that, because September 17, 2000, fell on a Sunday, the law would have allowed her to refile her complaint the next business day and still be within the statute of limitations. See *Cox v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 501, 510, 21 O.O.3d 313, 424 N.E.2d 597.

*"Abuse of process differs from malicious prosecution* in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. *Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor.* \* \* \*" (Emphasis added.)

In *Yaklevich,* the court stated that the four-year statute of limitations period contained in R.C. 2305.09 applied to an abuse-of-process claim. *Id.* at 300, 626 N.E.2d 115. In that case, unlike the instant case, the abuse-of-process claim had been filed against a law firm, not a political subdivision. Here, Read's complaint for abuse of process has been filed against the city of Fairview Park and one of its employees.

At footnote 5 of the *Yaklevich* case, the court declined to reach the issue of when a cause of action for abuse of process accrues. The Tenth Appellate District addressed the accrual issue in *Haller v. Borror* (June 14, 1994), Franklin App. No. 93APE12–1657, unreported, 1994 WL 265660. In that case, Haller maintained that his claims for false arrest, false imprisonment, and abuse of process did not accrue until the state dismissed the criminal action against him. The court held that Haller's claims, including an action for abuse of process, were not dependent upon the outcome of criminal proceedings, and, therefore, it rejected his argument that those actions did not accrue until his criminal case had been dismissed.

We agree with *Haller* and have concluded that an abuse-of-process claim is not dependent upon the resolution of the underlying criminal proceeding. Instead, we have determined that such a claim accrues on the date of the allegedly tortious conduct.

Further, although not briefed by either party, we have determined that the specific two-year statute of limitations in R.C. 2744.04(A) applies to abuse-of-process claims *against political subdivisions and their employees.* R.C. 2744.04(A) states:

*"An action against a political subdivision* to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, *shall be brought within two years after the cause of action arose, or within any applicable shorter period of time for bringing the action provided by the Revised Code.* This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state." (Emphasis added.)

R.C. 2744.04(A) is a *special* provision governing the statute of limitations in tort cases against political subdivisions and it prevails over the *general* statutes of limitations contained in R.C. Chapter 2305. See *Koncsol v. Niles* (1995), 105 Ohio App.3d 535, 664 N.E.2d 616.

Based upon the foregoing, Read's abuse-of-process claim against the city and its employee, Joyce, which arose on July 24, 1996, expired on July 24, 1998. Therefore, Read failed to file her original complaint prior to the expiration of the statute of limitations, and the court properly dismissed her complaint. Accordingly, this assignment of error is not well taken, and we affirm the judgment of the trial court.

*Judgment affirmed.*

KENNETH A. ROCCO, P.J., and COLLEEN CONWAY COONEY, J., concur.