OPINION
{¶ 1} On March 25, 2005, Defendant, Frank Davis, withdrew his prior pleas of not guilty and entered pleas of no contest which the trial court accepted to three drug offenses for which he had been indicted: possession of cocaine in an amount in excess of 1,000 grams, R.C. 2925.11; trafficking in cocaine in an amount in excess of ten grams, R.C. 2925.03; and, trafficking in cocaine, R.C. 2925.03. Davis entered the pleas after the trial court denied his motion to suppress evidence.
 {¶ 2} On April 13, 2005, the trial court journalized its judgment of conviction and sentence, which imposed a total term of incarceration of twelve years. Davis filed a timely notice of appeal from that judgment. On review, we reversed the judgment of conviction and sentence from which Davis appealed, finding that the trial court erred when it denied Davis's motion to suppress evidence, and remanded the case to the trial court for further proceedings on the three drug charges. State v. Davis (March 31, 2006), Clark App. No. 2005-CA-43.
 {¶ 3} On remand, the trial court reasoned that our judgment of reversal applied only to Davis's conviction for possession of cocaine, because the State had evidence to support the two trafficking charges independent of the evidence which we held should have been suppressed. In an order dated July 27, 2006, the court refused to release Davis from the imprisonment it had ordered for the two trafficking offenses in its judgment of conviction and sentence, as well as from a fine and license suspension sanctions which the court also imposed. The court further ruled that bank account proceeds owned by Davis which the State had seized would not be released until his fine was paid from them. Davis filed a timely notice of appeal.
 {¶ 4} ASSIGNMENT OF ERROR
 {¶ 5} "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF GUILT IN COUNTS TWO AND THREE OF THE INDICTMENT, TRAFFICKING IN DRUGS."
 {¶ 6} We agree that the trial court erred when it proceeded on our mandate as it did.
 {¶ 7} Davis appealed from the trial court's April 13, 2005 judgment of conviction and sentence for all three offenses, and we reversed that judgment. Our judgment rendered void both the three convictions the trial court ordered and the sentences it imposed on those convictions. Therefore, Davis was no longer subject to any of the sanctions which his sentences involve, and the trial court erred when it permitted the sanctions the court had applied to the two trafficking offenses to continue in effect.
 {¶ 8} Our judgment also rendered void the no contest pleas that Davis previously entered to all three charges, because his pleas were tainted by the trial court's error in overruling Davis's motion to suppress evidence. Therefore, irrespective of what other evidence the State had, Davis's no contest pleas could no longer serve as a basis for his convictions of the offenses with which he was charged. The trial court erred when it proceeded on the theory that Davis's pleas remained valid.
 {¶ 9} Our judgment did not affect the indictment in which Davis was charged with the three drug offenses. The State is therefore free to re-prosecute Davis on any or all of those charges, though it may not make use of evidence that should have been suppressed. If Davis is re-prosecuted, he is entitled to consideration of bond upon his arrest. He is also entitled to a trial on the charges the State elects to prosecute. By proceeding as it did, after his convictions and sentences were rendered void, the trial court denied Davis the right to trial guaranteed by the Sixth Amendment to the Constitution of the United States.
 {¶ 10} Whether or not the State elects to re-prosecute Davis, he may no longer be imprisoned pursuant to the trial court's April 13, 2005 judgment and conviction of sentence. Davis is entitled to immediate release from that detention, subject only to his re-arrest should the State elect to prosecute him again.
 {¶ 11} The assignment of error is sustained. The judgment of the trial court dated April 13, 2005 will be reversed, and the case will be returned to the trial court on our mandate to immediately order Davis released from imprisonment and the related sanctions the court imposed upon his three convictions, subject to any re-arrest on the charges against him.
Brogan, J. and Fain, J., concur.