{¶ 1} This matter is before the court on a petition for Writ of Mandamus filed by Petitioner, Frank Davis, on July 6, 2006, against Respondent, Judge Douglas M. Rastatter. Petitioner subsequently filed a motion for default judgment, Judge Rastatter having failed to file a responsive pleading after being served by certified mail on July 11, 2006.
 {¶ 2} In an appeal filed by Petitioner Davis, we reversed his convictions for three drug offenses and the sentences Respondent imposed on them, and we remanded the case to the trial court for further proceedings on the charges against Petitioner from which those convictions arose. State v. Davis (March 31, 2006), Clark App. No. 2005-CA-43.
 {¶ 3} "A court that reverses or affirms a final order, judgment, or decree of a lower court upon appeal on questions of law, shall not issue execution, but shall send a special mandate to the lower court for execution or further proceedings.
 {¶ 4} "The court to which such mandate is sent shall proceed as if the final order, judgment, or decree had been rendered in it. On motion and for good cause shown, it may suspend an execution made returnable before it, as if the execution had been issued from its own court. Such suspension shall extend only to stay proceedings until the matter can be further heard by the court of appeals or the supreme court." R.C. 2505.39.
 {¶ 5} An order of remand is directed to the trial court, and it is the responsibility of the trial court to see that the order is carried out. Mid-Ohio Liquid Fertilizers, Inc. v. Lowe
(1984), 14 Ohio App.3d 36. The judgment of the court of appeals is the law of the case binding the trial court on remand.Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402,1996-Ohio-174. In the absence of extraordinary circumstances, the court to which a case is remanded has no discretion to disregard the order of the remand from the court of appeals. Nolan v.Nolan (1984), 11 Ohio St.3d 1.
 {¶ 6} Respondent is the judge of the Court of Common Pleas of Clark County assigned to preside in the State's case against Petitioner to which our remand applies. On July 26, 2006, disregarding our mandate, Respondent journalized an order requiring Petitioner to continue to serve two of the three sentences on convictions we reversed. That was not only contrary to the law of the case as we decided it; it was also a failure to exercise the discretion we had ordered Respondent to exercise.
 {¶ 7} Petitioner's motion for default judgment is Granted. Respondent is ordered to assign the case in which the indictment charging Petitioner with three drug offenses was filed for trial on the court's docket and to order Petitioner released from imprisonment to stand trial on those charges, forthwith, and to proceed to trial on any of those charges not dismissed by the State.
So Ordered.