[Cite as *Davis v. Clark Cty. Bd. of Commrs.*, 2013-Ohio-2758.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| FRANK DAVIS | : | |
| | : | Appellate Case No. 2011-CA-84 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 11-CV-52 |
| v. | : | |
| | : | |
| CLARK COUNTY BOARD OF | : | |
| COMMISSIONERS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2013.

. . . . . . . . . . .

WILLIAM D. BELL, SR., Atty. Reg. #0027596, 830 Main Street, Suite 604, Cincinnati, Ohio 45202
        Attorney for Plaintiff-Appellant, Frank Davis

MARK LANDES, Atty. Reg. #0027227, and ANDREW N. YOSOWITZ, Atty. Reg. #0075306, Isaac, Brant, Ledman & Teetor, LLP, 250 East Broad Street, Suite 900, Columbus, Ohio 43215
        Attorneys for Defendant-Appellees, Clark County Board of Commissioners

W. CHARLES CURLEY, Atty. Reg. #0007447, Weston Hurd LLP, 10 West Broad Street, Suite 2400, Columbus, Ohio 43215
and
JEROME M. STROZDAS, Atty. Reg. #0003263, City of Springfield Law Director, 76 East High Street, Springfield, Ohio 45502
        Attorneys for City of Springfield, Det. Greg E. Nourse and Chief Steve Moody

LAWRENCE BABICH, Atty. Reg. #0001386, and STACY HANNAN, Atty. Reg. #0081094, Office of the Ohio Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215
    Attorneys for Mike DeWine and Nancy Rogers
. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Plaintiff-appellant Frank Davis appeals from the dismissal of his complaint for malicious prosecution and civil conspiracy.   Davis contends that the trial court erred by granting the defendants' motions to dismiss, because its conclusion that the actions are barred by the applicable statutes of limitations was erroneous.

{¶ 2}    We conclude that the claims are barred by the applicable statutes of limitations, so that the trial court did not err in dismissing them.   Accordingly, the judgment of the trial court is Affirmed.


**I.   Davis's Causes of Action**

{¶ 3}    The genesis for Davis's complaint lies in a criminal action against him in 1998, wherein he was indicted on one count of Possession of Powdered Cocaine and two counts of Trafficking in Cocaine, along with "Major Drug Offender" and forfeiture specifications.   *See State v. Davis*, 2d Dist. Clark No. 2000-CA-16, 2000 WL 1803626 (Dec. 8, 2000).   Davis moved to suppress evidence.   The trial court overruled the motion.   *Id.*   Thereafter, pursuant to a plea agreement, Davis pled guilty to the count of Possession of Powdered Cocaine and to the Major Drug Offender specification, in exchange for the dismissal of the remaining charges.   *Id.* The trial court found Davis guilty and sentenced him to eleven years in prison.   *Id.*   In his appeal, Davis argued that the search warrant did not include the "curtilage" portion of his residence.   *Id.*  We disagreed, and affirmed the judgment.   *Id.*

{¶ 4} In 2003, Davis moved to withdraw his plea. The trial court overruled the motion. *State v. Davis*, 2d Dist. Clark No. 2003-CA-87, 2004-Ohio-5979. On appeal, we reversed the order overruling his motion to withdraw, and the cause was remanded for a hearing on the issue of whether Davis would have entered a plea "despite the trial court's failure to inform him that he was ineligible for judicial release." *Id.* at ¶ 30.

{¶ 5} On remand, the trial court permitted Davis to withdraw his prior plea, thereby vacating his conviction. *State v. Davis*, 166 Ohio App.3d 468, 2006-Ohio-1592, 851 N.E.2d 515, ¶ 3 (2d Dist.). In January 2005, Davis moved again to suppress evidence, arguing that the affidavit upon which the original search warrant was based was insufficient to support a finding of probable cause. *Id.* The trial court denied the motion to suppress. Davis then pleaded no contest to all counts, was found guilty, and was sentenced accordingly. *Id.* at ¶ 16. On appeal we reversed the conviction, concluding that the trial court had erred in denying the motion to suppress. *Id.* at ¶ 55.

{¶ 6} On remand, the trial court "journalized an order requiring [Davis] to continue to serve two of the three sentences on convictions we reversed." *State v. Davis*, 2d Dist. Clark No. 06-CA-66, 2006-Ohio-5305, ¶ 6. Davis petitioned for a writ of mandamus, which we granted on September 29, 2006, with an order that Davis be "released from imprisonment to stand trial on [the] charges, forthwith, and to proceed to trial on any of those charges not dismissed by the State." *Id.* at ¶ 7. In an appeal decided the same date, we held that our prior judgment had "rendered void" the pleas entered by Davis to all of the charges, and reversed the order of the trial court refusing to release Davis from imprisonment for two of the convictions resulting from those pleas. *State v. Davis*, 2d Dist. Clark No. 06-CA-79, 2006-Ohio-5306. No further actions were taken by the State with regard to pursuing the criminal charges.

{¶ 7}     Thereafter, on October 6, 2008, Davis filed a civil complaint for wrongful imprisonment in the Clark County Court of Common Pleas against:   the Clark County Board of Commissioners, various commissioners individually, the City of Springfield, Springfield Detective Greg Nourse, Springfield Chief of Police Steve Moody, and Ohio Attorney General Nancy Rogers.  The complaint also stated a federal civil rights claim pursuant to 42 U.S.C. § 1983.  The defendants removed the action to federal court.  The federal court dismissed the action on January 21, 2010; the dismissal was with prejudice to the federal claims, but without prejudice to the state claims.

{¶ 8}     On January 14, 2011, Davis re-filed an action for wrongful imprisonment against the same parties, and added as defendants Clark County Prosecutor Stephen Shumaker and Assistant Prosecutor Stephen Collins.  The parties moved for dismissal, based upon the argument that they were not the proper parties to a wrongful imprisonment claim.  Before the motions were ruled upon, Davis filed an amended complaint adding complaints for malicious prosecution and civil conspiracy, and adding the State of Ohio and Attorney General Michael DeWine as parties.

{¶ 9}     Motions to dismiss were filed by the Clark County Board of Commissioners as well as commissioners Detrick, Hartley and Tackett as individuals, Nancy Rogers, Shumaker, Collins, Nourse, Moody and the City of Springfield.  Davis responded to the various motions, and the matter was submitted to the trial court.  On October 7, 2011, the trial court filed an entry in which it found that none of the parties who moved for dismissal were "proper parties in an action for wrongful imprisonment."[1]   The trial court further found that the claims for civil

---

[1]   The wrongful imprisonment claim against DeWine and the State of Ohio was not dismissed; those parties had not sought

conspiracy and malicious prosecution against these defendants were barred by the applicable statutes of limitation. Therefore, the trial court granted the motions to dismiss, leaving only the State of Ohio and the Ohio Attorney General, Mike DeWine, as parties. Davis appeals.

## II. The Trial Court Did Not Find that the
## State of Ohio Was Not a Party to the Action

{¶ 10} Davis's First Assignment of Error states as follows:

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE STATE OF OHIO WAS NOT A PARTY TO THE LAWSUIT.

{¶ 11} Davis contends that the trial court erroneously found that he had not made the State a party to the lawsuit. In support, he argues that Nancy Rogers, former Attorney General of Ohio, was dismissed by the trial court's order despite the fact that she was not named in the Amended Complaint.

{¶ 12} We find no support for the claim that the trial court found Davis had failed to name the State as a defendant. The trial court merely noted that the State, rather than Nancy Rogers as the Attorney General, was the proper party to the wrongful imprisonment claim. While the amended complaint did not name Rogers as a defendant, we conclude that the trial court's subsequent dismissal of Rogers was harmless. Although Davis did not name the State of Ohio as a defendant in his original complaint, he did name the State as a defendant in his Amended Complaint, and the order of the trial court from which this appeal is taken is consistent with those facts.

---

dismissal. Davis does not dispute the correctness of the dismissal of the wrongful imprisonment claims against all other parties.

{¶ 13}   The First Assignment of Error is overruled.

### III.   The Trial Court Did Not Hold that the Claims Against Nourse, Moody, and the City of Springfield Were Limited to Wrongful Imprisonment

{¶ 14}   For his Second Assignment of Error, Davis asserts the following:

THE TRIAL COURT ERRED WHEN IT HELD THAT CLAIMS AGAINST CERTAIN OF THE DEFENDANTS-APPELLEES WERE LIMITED TO THE WRONGFUL IMPRISONMENT CLAIM.

{¶ 15}   Davis contends that the trial court improperly dismissed defendants Nourse, Moody, and the City of Springfield upon the erroneous finding that they were named parties solely for purposes of the wrongful imprisonment claim.   In support, he notes that these defendants were also subject to the claims for civil conspiracy and malicious prosecution, and therefore should have been retained in the action.

{¶ 16}   Again we find no support for this argument.   The trial court specifically dismissed these defendants from the action with regard to all three stated claims against them. As noted below, the trial court correctly dismissed the malicious prosecution and civil conspiracy claims because the statute of limitations had run, and Davis does not contest the dismissal of the wrongful imprisonment claim as to these defendants.

{¶ 17}   Davis's Second Assignment of Error is overruled.

### IV.

### The Trial Court Did Not Err in Dismissing Davis's Claims

**for Malicious Prosecution and Civil Conspiracy.**

{¶ 18}  Davis's Third Assignment of Error provides:

THE TRIAL COURT ERRED WHEN FOUND [SIC] THAT THE MALICIOUS PROSECUTION CLAIM AND THE CIVIL CONSPIRACY CLAIM WAS [SIC] BARRED BY THE STATUTE OF LIMITATION.

{¶ 19}  Davis claims that the trial court erred in holding that his claims for malicious prosecution and civil conspiracy are barred by the applicable statutes of limitation.

{¶ 20}  First, we address the issue of whether the trial court properly dismissed the action for civil conspiracy as time-barred.  "A claim for civil conspiracy requires proof of 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damage.' "  *Kimmel v. Lowe's, Inc.,* 2d Dist. Montgomery No. 23982, 2011-Ohio-28, ¶ 20, quoting *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995).  "A claim for conspiracy cannot be made [the] subject of a civil action unless something is done which, in the absence of the conspiracy allegations, would give rise to an independent cause of action."  *Cully v. St. Augustine Manor*, 8th Dist. Cuyahoga No. 67601, 1995 WL 237129, * 4 (April 20, 1995).  In other words, "[a]n underlying unlawful act is required before a civil conspiracy claim can succeed." *Id.,* quoting *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475, 1998-Ohio-294, 700 N.E.2d 859.  Thus, the applicable statute of limitations for filing a civil conspiracy is the relevant limitations statute for the underlying cause of action.  *Cully*, supra.

{¶ 21}  Davis contends that the underlying action sounds in trespass and common law invasion of property, both of which he arguably raises in his complaint and both of which have

limitations statutes of four years. *See* R.C. 2305.09 (trespass) and *Hidey v. Ohio State Highway Patrol*, 116 Ohio App.3d 744, 752, 752 N.E.2d 89 (10th Dist.1996). He claims that the statute of limitations began to run in 2006 when this court "made him aware" of the void sentence.

{¶ 22} The defendants contend that the only underlying action applicable to them in this case is the malicious prosecution claim, which has a one-year statute of limitations. R.C. 2305.11(A). In the alternative, they contend that they are all either a political subdivision or employees of a political subdivision, so that the claims against them are subject to the two-year statute of limitations set forth in R.C. 2744.04(A).

{¶ 23} "R.C. 2744.04(A) is a *special* provision governing the statute of limitations in tort cases against political subdivisions and it prevails over the *general* statutes of limitations contained in R.C. Chapter 2305." *Read v. Fairview Park*, 146 Ohio App.3d 15, 20, 764 N.E.2d 1079 (8th Dist.2001) (Emphasis sic.) It applies to political subdivisions and their employees. *Id.*at 19. Therefore, the two-year limitations period of R.C. 2744.04 prevails over the general four-year limitations period for trespass and invasion of privacy.[2]

{¶ 24} As noted above, Davis's original complaint was not filed until October 6, 2008, more than two years after our September 29, 2006 opinion reversing the convictions for lack of probable cause for the search. At the very latest, Davis's cause of action for trespass and common-law invasion of property accrued on September 29, 2006, when we rendered our opinion that there was no probable cause for the entry of the police on his property. Davis's civil conspiracy claim is also based upon the lack of probable cause for the issuance of the search

---

[2]We are not aware of a specific statute of limitations for common law invasion of property, which Davis argues to be a claim set forth in his amended complaint.

warrant. Thus, Davis knew, or should have known, of the lack of probable cause for the actions of the individual defendants forming the basis for his civil conspiracy claim by the date our opinion was released, at the very latest. He failed to file the amended complaint setting forth his civil conspiracy claim within two years from that date. Therefore, the civil conspiracy action is also barred by the statute of limitations.

{¶ 25} We next address Davis's claim that he timely filed his claim for malicious prosecution. "The tort of malicious prosecution in a criminal setting requires proof of three essential elements: '(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of prosecution in favor of the accused.' " *Froehlich v. Ohio Dept. Of Mental Health*, 114 Ohio St.3d 286, 2007-Ohio-4161, 871 N.E.2d 1159, ¶ 10, quoting *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146, 559 N.E.2d 732 (1990).

{¶ 26} In this case, we must determine when the prosecution was terminated in favor of Davis. At the oral argument of this appeal, Davis contended that the prosecution did not terminate in his favor until the State dismissed the charges. Although the record in this appeal does not show the date that the State dismissed the criminal charges against Davis, both Davis and the Springfield individual defendants agreed in oral argument that the charges were dismissed in February 2007.

{¶ 27} R.C. 2744.04(A) provides that actions against a political subdivision must be brought within two years after the cause of action accrues, "or within any applicable shorter period of time for bringing the action provided by the Revised Code." R.C. 2305.11(A) provides in pertinent part that "[a]n action for * * * malicious prosecution * * * shall be commenced within one year after the cause of action accrued * * * ."

{¶ 28} Davis's initial action in Clark County was filed on October 6, 2008, more than one year after the criminal charges against him were dismissed, thereby terminating the criminal action in his favor. Thus, this claim is also barred by the statute of limitations.

{¶ 29} Davis next argues that, because he filed the second state action within one year from the date the federal court dismissed his state claims without prejudice, his claims are timely filed. He further argues that his amended complaint, filed on January 14, 2011, also relates back to the original action. This argument ignores the fact that the *original* action, upon which Davis relies, was not timely filed. Thus, Davis's lawsuit for malicious prosecution and civil conspiracy was time-barred by R.C. 2744.04 and 2305.11(A) when he filed it on October 6, 2008, and all subsequent complaints were likewise untimely.

{¶ 30} We conclude that the trial court did not err in dismissing the actions for malicious prosecution and civil conspiracy as time-barred. Accordingly, the Third Assignment of Error is overruled.

## V. Conclusion

{¶ 31} All of Davis's assignments of error having been overruled, the judgment of the trial court is Affirmed.[3]

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring in part and dissenting in part:

---

[3] We note that Attorney General Mike DeWine seeks to have this court declare that he is not a proper party to the action for wrongful imprisonment. However, the judgment of the trial court does not address this issue. The claims against DeWine and the State of Ohio have not yet been adjudicated in the trial court, and are therefore outside the scope of this appeal.

**{¶ 32}** R.C. 2744.04(A) provides that an "action against a political subdivision * * * shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code." R.C. 2744.04(B) provides what must be included in "the complaint filed in a civil action against a political subdivision *or an employee of a political subdivision* to recover damages * * *." (Emphasis added.)

**{¶ 33}** By explicit omission, R.C. 2744.04(A) does not reference actions against "an employee of a political subdivision." Despite this, *Read v. Fairview Park* states, "although not briefed by either party, we have determined that the specific two-year statute of limitations in R.C. 2744.04(A) applies to abuse-of-process claims *against political subdivisions and their employees*." (Emphasis sic.) *Read v. Fairview Park*, 146 Ohio App.3d 15, 19, 764 N.E.2d 1079 (8th Dist.2001). *See also Bojac Corp. v. Kutevac*, 64 Ohio App.3d 368, 371, 581 N.E.2d 625 (11th Dist.1990), abrogated on other grounds by *Nadra v. Mbah*, 119 Ohio St.3d 305, 2008-Ohio-3918, 893 N.E.2d 829.

**{¶ 34}** The precise question of this difference was raised in *Strahler v. Roby*, 4th Dist. Washington No. 90 CA 25, 1992 WL 21227 (Jan. 27, 1992), where the court reiterated the positions of the parties, but ultimately held that the issue was not properly before it since it was not presented for consideration to the trial court. *Id.* at *3. In *Strahler*, the appellees cited the Legislative Service Commission analysis that "under the bill, a civil action against a political subdivision or an employee of a political subdivision to recover damages" shall be brought within two years.

**{¶ 35}** "The plain words and meaning of a statute cannot be overcome by legislative

history which, through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction." *Gemsco, Inc. v. Walling*, 324 U.S. 244, 260, 65 S.Ct. 605, 89 L.Ed. 921 (1945). "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. * * * [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Natl. Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Similarly, a court must assume that the legislature meant what it did *not* say. *See, e.g., Scheidler v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 04AP584, 2005-Ohio-105, ¶ 19.

{¶ 36} The legislature knew it could include employees of the political subdivision in subpart (A) since it did so in subpart (B). I have to assume that the failure to include such language was purposeful and that R.C. 2744.04(A) does not affect employees of a political subdivision.

{¶ 37} I agree with the majority that any claims against the political subdivision for trespass or invasion of privacy are barred by the two-year statute of limitations of R.C. 2744.04(A). Similarly, I agree that the malicious prosecution claims against the political subdivisions or any individuals are barred since more than one year passed between the dismissal of the charges and the filing of the complaint.

{¶ 38} However, the complaint against any individuals for trespass is governed by the four-year statute of limitations in R.C. 2305.09 since it is not affected by R.C. 2744.04(A). This may seem to be a somewhat incongruous result, and perhaps not what the legislature subjectively intended, but one which I believe is mandated by the statutes involved. Therefore, I would

reverse the dismissal of any individual defendants regarding the trespass claim.

. . . . . . . . . .

Copies mailed to:

William D. Bell, Sr.
Mark Landes
Andrew N. Yosowitz
W. Charles Curley
Jerome M. Strozdas
Lawrence Babich
Stacy Hannan
Hon. Douglas M. Rastatter