[Cite as *Davis v. Clark Cty. Bd. of Commrs.*, 2015-Ohio-3794.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| FRANK DAVIS | : | Appellate Case No. 2014-CA-87 |
| | : | |
| Plaintiff-Appellant | : | Trial Court Case No. 11-CV-52 |
| | : | |
| v. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| THE CLARK COUNTY | : | |
| BOARD OF COMMISSIONERS, et al. | : | |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2015.

. . . . . . . . . . .

WILLIAM D. BELL, SR., Atty. Reg. No. 0027596, 830 Main Street, Suite 604, Second
National Building, Cincinnati, Ohio 45202
        Attorney for Plaintiff-Appellant

MICHAEL DeWINE, Atty. Reg. No. 0009181, by CAITLYN A. NESTLEROTH, Atty. Reg.
No. 0087724, Ohio Attorney General's Office, Criminal Justice Section, Corrections Unit,
150 East Gay Street, 16th Floor, Columbus, Ohio 43215
        Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

FAIN, J.

        {¶ 1} Plaintiff-appellant Frank Davis appeals from a summary judgment rendered

against him in the Clark County Common Pleas Court on his claim that he is a wrongfully

incarcerated person, pursuant to R.C. 2743.48(A).

{¶ 2} Davis contends that the trial court erred by granting summary judgment to the non-moving party. Davis also contends that the court erred by finding that the procedural error that led to his release from prison did not meet the requirements of the wrongfully incarcerated statute, R.C. 2743.48(A)(5).

{¶ 3} We conclude that the trial court erred by rendering summary judgment in favor of defendant-appellee the State of Ohio, because the record does support a conclusion that a procedural error occurred subsequently to Davis's conviction and sentencing, when the trial court refused to release Davis after his convictions were reversed. Accordingly, Davis's claim that the trial court erred by rendering summary judgment in favor of a non-moving party is moot.

## I. Course of Proceedings

{¶ 4} In 1999, Davis pleaded no contest to, and was convicted of, one count of Possession of Cocaine, and two counts of Trafficking. Davis was found guilty and sentenced to serve 11 years in prison. As a result of numerous appeals, as discussed below, Davis commenced his period of incarceration on December 14, 2000, served four years until he was released on December 22, 2004, and was incarcerated again, for the same offenses, on March 21, 2005. After this court issued a writ of mandamus, Davis was released from prison on October 13, 2006.

{¶ 5} From 1999 to the present, numerous appeals have been pursued and we have rendered eight appellate decisions. In *Davis 1*, we concluded that the trial court did

not err in sustaining a motion to suppress, because the search warrant failed to sufficiently particularize the area to be searched. *State v. Davis*, 2d Dist. Clark No. 2000-CA-16, 2000 WL 1803626 (Dec. 8, 2000). In *Davis 2*, we held that Davis's motion to withdraw his plea should not have been denied, because the trial court failed to inform him that he was ineligible for judicial release. *State v. Davis*, 2d Dist. Clark No. 2003-CA-87, 2004-Ohio-5979. On remand in 2005, Davis was allowed to withdraw his plea, his new motion to suppress was overruled, and Davis again pled no contest to three counts, was found guilty, and was sentenced to serve 12 years in prison. In *Davis 3*, we held that the search warrant had been insufficient to establish probable cause, and that the good-faith exception did not apply; we reversed Davis's convictions. *State v. Davis*, 166 Ohio App. 3d 468, 2006-Ohio-1592, 851 N.E. 2d 515, ¶ 4 (2d Dist.). On remand, the trial court erroneously decided to apply our reversal only to the cocaine charge, and in an order dated July 26, 2006, the trial court refused to release Davis on the two trafficking charges. In *Davis 4,* we held that the trial court erred when it refused to release Davis, and we ordered his immediate release. *State v. Davis*, 2d Dist. Clark No. 06-CA-79, 2006-Ohio-5306. In *Davis 5,* we issued a writ of mandamus ordering the trial court to release Davis from prison. *State ex rel. Davis v. Rastatter*, 2d Dist. Clark No. 06-CA-66, 2006-Ohio-5305. On February 7, 2007, the trial court dismissed the case against Davis and released bond.  A month later, Davis moved to seal the records related to his conviction and for a return of his personal property, which had been forfeited to the State in his previous plea agreement.   In *Davis 6*, we held the trial court erred in overruling the motion to seal the records without first conducting a hearing, but we found no error in the court's refusal to return the forfeited property. *State v. Davis*, 175 Ohio App. 3d 318,

2008-Ohio-753, 886 N.E.2d 916 (2d Dist.). In *Davis 7*, we held that the trial court erred by applying the wrong legal standard, which led to the overruling of Davis's motion to seal the record. *State v. Davis,* 2d Dist. Clark No. 2008-CA-71, 2009-Ohio-1632.

{¶ 6} On October 6, 2008, Davis brought this civil action for wrongful imprisonment, naming numerous state and county officials as defendants. The action was removed to federal court. After the federal claims were dismissed, Davis refiled the action for wrongful imprisonment on January 14, 2011, and later amended the complaint to add claims for malicious prosecution and civil conspiracy.   In *Davis 8*, we held that the trial court did not err in dismissing Davis's claims for malicious prosecution and civil conspiracy filed against state officials. *Davis v. Clark County Board of Commissioners*, 2013-Ohio-2758, 994 N.E.2d 905 (2d Dist.).

{¶ 7} On December 19, 2013, Davis moved for summary judgment on his wrongful imprisonment claim. On December 30, 2013 the State filed a memorandum in opposition to Davis's motion for summary judgment, seeking a stay of the case until a ruling in the case of *State v. Mansaray* was issued by the Ohio Supreme Court. After the *Mansaray* decision was issued, Davis filed a supplemental memorandum in support of his motion for summary judgment.   The State filed a response, entitled "Defendant's Memorandum in Opposition to Plaintiff's Supplemental Filing to the Motion for Summary Judgment on Wrongful Imprisonment." The docket does not reflect any motion filed by the State of Ohio seeking summary judgment in its favor on the wrongful imprisonment claim, or any evidentiary materials filed by the State in support of a motion. In the last paragraph of its memorandum in opposition to Davis's motion for summary judgment, the State of Ohio states, "For the foregoing reasons, Defendant, the State of Ohio, respectfully

requests that the court deny summary judgment to Plaintiff, grant summary judgment in its favor, dismiss Plaintiff's complaint with prejudice, assess costs to Plaintiff, and award any other relief deemed necessary and just by the court." Dkt at 35. On July 10, 2014, the trial court issued a four-sentence entry overruling Davis's motion, granting summary judgment in favor of the State of Ohio, and dismissing the complaint with prejudice. The court made no findings of fact or conclusions of law, and provided no explanation of the basis for its decision.

{¶ 8} In his motion and on appeal, Davis argues that he has met all the requirements of the wrongful incarceration statute, R.C. 2743.48(A)(1) through (A)(5). Davis relies on facts established in the trial court's own docket and previously filed court orders, which show that he met all the requirements as follows:

1. Davis was charged with a felony, after the effective date of the statute, as required by R.C. 2743.48(A)(1);

2. Davis was found guilty of a felony, without a plea of guilt, as required by R.C. 2743.48(A)(2);

3. Based on the conviction of a felony, Davis was sentenced to a term of imprisonment in a state correctional facility as required by R.C. 2743.48 (A)(3);

4. Davis's conviction was vacated, dismissed or reversed on appeal and the prosecuting attorney will not or cannot seek any further appeal, and no criminal proceeding is pending, can be brought or will be brought against Davis for any acts associated with his conviction, as required by R.C. 2743.48(A)(4); and

5.  Subsequent to sentencing and during or after imprisonment, an error in procedure resulted in Davis's release from prison, as required by R.C. 2743.48(A)(5).

{¶ 9}   The State of Ohio argues that Davis failed to meet his burden of proving any of the five elements of R.C. 2743.48 (A), because he did not attach any evidentiary quality materials to his summary judgment motion.  The State also argues that Davis cannot meet the requirement set forth in R.C. 2743.48(A)(5), because the error that released him from prison was based on the reversal of the trial court's denial of his motion to suppress, a motion that preceded his conviction.  Davis argues that two procedural errors occurred after his conviction; first, when the appellate court reversed the overruling of his motion to suppress; and second, an error occurred after his second conviction when the trial court failed to release him after our reversal and remand.

## II.  Davis Established that a Procedural Error Occurred
## After his Sentencing and Imprisonment

{¶ 10}   In his first assignment of error, Davis contends as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT SUMMARY JUDGMENT TO THE PLAINTIFF.

{¶ 11}   Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that

conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 29; *Sinnott v. Aqua–Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 29. When reviewing a summary judgment, an appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 119–20, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 12} To prevail on a motion for summary judgment seeking to prove that he was a "wrongfully imprisoned" person, Davis was required to establish that there is no genuine issue of material fact that he has met all of the requirements of R.C. 2743.48(A)(1) through R.C. 2743.48(A)(5). R.C. 2743.48 provides as follows:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 13} Based on the conclusions we reached in the eight previous appellate decisions, the record establishes that Davis has met the requirements of R.C. 2743.48(A)(1) through R.C. 2743.48(A)(4). We note that the State has not challenged

that Davis meets the first three requirements, but does argue that Davis has failed to present sufficient facts to prove the fourth and fifth elements of the wrongful imprisonment statute. The fact that the six-year statute of limitations, R.C. 2901.13, has now passed on bringing new charges against Davis for the conduct, which occurred in 1999, and the fact that the indictment was finally dismissed by the trial court in February, 2007, establishes, as a matter of law, that Davis has met the requirement set forth in R.C. 2743.48(A)(4). The remaining factor at issue is found in R.C. 2743.48(A)(5), which requires Davis to prove that an error in procedure resulted in his release.

{¶ 14} The Supreme Court of Ohio, in *Mansaray*, has held that to meet the requirements of R.C. 2743.48(A)(5), a petitioner must prove that a procedural error occurred after sentencing, not during trial. *Mansaray v. State,* 138 Ohio St. 3d 277, 2014-Ohio-0750, 6 N.E.3d 35. Davis argues that he has met the requirements of the statute by showing two different procedural errors that occurred after his sentencing and imprisonment. First, Davis argues that a procedural error occurred four years after his conviction and incarceration when we reversed his conviction, holding that the trial court erred when it overruled his motion to suppress. Second, Davis argues that another error occurred when the trial court failed to release him upon our reversal of his conviction.

{¶ 15} Although the Supreme Court of Ohio in *Mansaray*, gave us no guidance on what constitutes a "procedural error" as that term is used in R.C. 2743.48(A)(5), it did reject Mansaray's argument that an error occurs subsequently to conviction when an appellate court reverses a conviction based on an error that occurred before or during the trial. *Mansaray* at ¶ 8. A few appellate courts have applied the term to determine whether a wrongfully imprisoned person had met the requirements of the statute, without

proving actual innocence. We determined in *James v. State*, 2d Dist. Clark No. 2013-CA-28, 2015-Ohio-623, that a procedural error occurred after sentencing, when the federal court, within its ruling on a petition for habeas corpus, directed the trial court to retry James within a set period of time, but the trial court failed to reschedule the trial in a timely manner, leading directly to a dismissal of the charges, with prejudice, and James's release from prison. *Id.* at ¶ 6. We relied on a holding of the Fifth District Court of Appeals in *Nelson v. State*, 5th Dist. Tuscarawas No. 2006-AP-0061, 2007-Ohio-6274, which found that a violation of the Speedy Trial Act, R.C. 2945.71, after the initial conviction was reversed, was a procedural error that met the final requirement of the wrongful incarceration statute.

{¶ 16} In *State v. Holloway*, 8th Dist. Cuyahoga No.100586, 2014-Ohio-2971, ¶18, the court found that Holloway did not meet the requirements of the statute with proof that he was released from prison when his conviction was reversed based on a holding that the trial court had erred by allowing the admission of hearsay evidence during trial. Similarly, in *Worley v. State*, 8th Dist. Cuyahoga No. 100200, 2014-Ohio-1429, the court held that an error in admitting testimony that constituted a confrontation-clause violation during the trial did not qualify as a procedural error occurring subsequently to sentencing. The decision in *Hill v. State,* 10th Dist. Franklin No. 12AP-635, 2013-Ohio-1968, was reversed by the Supreme Court of Ohio, on the authority of *Mansaray*, after the Tenth District Court of Appeals had found a qualifying error to have occurred as a result of an illegal search and seizure prior to trial. *Hill v. State,* 139 Ohio St. 3d 452, 2014-Ohio-2365, 12 N.E.3d 1203. Similarly, the decision in *D'Ambrosio v. State,* 8th Dist. Cuyahoga No. 99520, 2013-Ohio-4472, was reversed by the Supreme Court of Ohio, on the authority of

*Mansaray*, after the Eighth District Court of Appeals had found a qualifying error to have occurred as a result of *Brady* violations for the failure to disclose exculpatory evidence prior to trial. *D'Ambrosio v. State,* 139 Ohio St. 3d 1416, 2014-Ohio-2487, 10 N.E.3d 736.

**{¶ 17}** We conclude that Davis cannot meet the requirements of the wrongful incarceration statute based on the error we found in *Davis 3* regarding the overruling of a motion to suppress, which occurred prior to his conviction. However, we conclude that the second error raised by Davis does present a procedural error that only occurred after his conviction and sentencing. Therefore, the question is whether the requirements of R.C. 2743.48(A)(5) are met by the trial court's error in refusing to release Davis from prison after his conviction was reversed, an error that occurred subsequent to his trial and sentencing. The record establishes that Davis was not released until we issued a writ of mandamus, holding that the trial court erred by not following our mandate and by not authorizing Davis's release from prison after we reversed his conviction. *State ex rel. Davis v. Rastatter*, 2d Dist. Clark No. 06-CA-66, 2006-Ohio-5305, ¶ 7. We described the trial court's error in *Davis 5*, as follows:

> On July 26, 2006, disregarding our mandate, Respondent journalized an order requiring Petitioner to continue to serve two of the three sentences on convictions we reversed. That was not only contrary to the law of the case as we decided it; it was also a failure to exercise the discretion we had ordered Respondent to exercise.

*Id.* at ¶ 6.

**{¶ 18}** The records from the previous appeals establish that our reversal of Davis's conviction occurred on March 31, 2006, but Davis was not released from prison until

October 13, 2006. The record shows that the case was dismissed and the bond was released by entry dated February 7, 2007. We conclude that Davis was wrongfully imprisoned from March 31, 2006, to October 13, 2006, as a result of the trial court's error in refusing to release Davis after his convictions were reversed.

{¶ 19} Therefore, Davis did present sufficient evidence from the historical record of his case through eight previous appeals to establish that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law that he was wrongfully imprisoned, meeting each of the factors set forth in R.C. 2743.48(A)(1) through R.C. 2743.48(A)(5). Davis's first assignment of error is sustained.

### III. Davis's Second Assignment of Error Is Moot

{¶ 20} In his second assignment of error, Davis contends as follows:

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO A NONMOVANT WITHOUT FOLLOWING RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶ 21} In *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.,* 27 Ohio St.3d 25, 28, 500 N.E.2d 1370 (1986), the Supreme Court of Ohio held "[w]hile Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *Id.,* citing *Marshall v. Aaron*, 15 Ohio St.3d 48, 472 N.E.2d 335 (1984).

{¶ 22} However, we need not render a conclusion on the propriety of the trial

court's decision to grant summary judgment to a non-moving party. The first assignment of error having been sustained, the second assignment of error is moot, since the summary judgment must be reversed as a result of the sustaining of Davis's first assignment of error. Davis's second assignment of error is overruled as moot.

## IV. Conclusion

**{¶ 23}** The first assignment of error having been sustained, and the second assignment of error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded with instructions for the entry of summary judgment in favor of Davis, which will allow him to proceed to the Court of Claims of Ohio for a determination of appropriate compensation. We further recommend that upon remand, this cause be assigned to a different judge to avoid further delay or the risk of disqualification pursuant to R.C. 2701.03.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

William D. Bell, Sr.
Michael DeWine
Caitlyn A. Nestleroth
Hon. Douglas M. Rastatter